**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorney for Plaintiff*,
Valeria (Nunez) Copleman

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIA (NUNEZ) COPLEMAN<br><br>Plaintiff,<br><br>v.<br><br>**CAVALRY SPV I, LLC. and WINN LAW GROUP, APC;**<br><br>Defendants | Case No.:_____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT CASE NO.** _____

# INTRODUCTION

1. This is an action for actual damages, statutory damages, injunctive relief, restitution, attorney fees, and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and California Business and Professional Code § 17200, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

**COMPLAINT CASE NO.** _____   Page 2 of 8

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

7. Plaintiff VALERIA (NUNEZ) COPLEMAN (hereinafter "Plaintiff") is a natural person residing in Riverside County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h). Plaintiff is and was, at all times relevant to this complaint, not a minor child.

8. Defendant CAVALRY SPV I, LLC. (hereinafter "Defendant Cavalry") is a Delaware corporation operating from an address of 500 Summit Lake Drive STE 400, Valhalla, New York, 10595 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

---

[1] Cal. Civil Code § 1788.1(a)(1).

**COMPLAINT CASE NO.** _____   **Page 3 of 8**

9. Defendant WINN LAW GROUP, APC. (hereinafter "Defendant Winn") is a California professional corporation operating from an address of 110 E. Wilshire Ave STE 212, Fullerton, CA 92832, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

10. Defendant Cavalry hired Defendant Winn to collect a debt allegedly due to Defendant Cavalry.

11. The acts of Defendant Winn relating to the Plaintiff were conducted on behalf of Defendant Cavalry, and with the consent, approval, and/or ratification of Defendant Cavalry.

12. The Plaintiff alleges that at all times herein mentioned, Defendant Winn was, and is now, the servant, employee, and/or other representative of the other Defendant Cavalry, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of Defendant Cavalry. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## STATEMENT OF FACTS

13. At some time prior to 2016, Plaintiff, in her sole capacity and without co-signor(s) or guarantor(s), incurred a financial obligation that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f), namely, a personal Citibank credit card.

14. Sometime thereafter, the Plaintiff's debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Defendants initiated communications in an attempt to collect this debt.

15. Since 2006, Plaintiff has resided and/or received mail at the address at which she received mailed communications from Defendant Winn in 2016.

16. During February and March of 2016, Defendant Cavalry repeatedly communicated with Plaintiff's father, Fernando Nunez, by dialing his cellular telephone approximately every other day during these two months, identifying itself as Defendant Cavalry, providing Defendant Cavalry's phone number, and asking that Fernando Nunez encourage Plaintiff to contact Defendant Cavalry by telephone.

17. Fernando Nunez did not at any point in time request that Defendant Cavalry contact him.

18. Fernando Nunez did not at any point in time make any comment or indication to anyone that might lead Defendant Cavalry to believe that his earlier comments or indications were in any way erroneous or incomplete.

19. Plaintiff did not give Defendant Cavalry prior consent to communicate with any third party in connection with the collection of the debt.

20. On April, 27, 2016, Plaintiff mailed a letter to Defendant Cavalry at Defendant Cavalry's place of business and notified Defendant Cavalry that she wished Defendant Cavalry to cease further communication with her and her relatives and friends.

21. On June 24, 2016, Defendant Winn, acting on behalf of, and claiming to represent, Defendant Cavalry, communicated with Plaintiff by mail in an attempt to collect the debt that is the subject of this complaint.

22. Defendant Winn's communication of June 24, 2016 did not advise Plaintiff that Defendants' further collection efforts were being terminated, did not notify plaintiff that the Defendants may invoke specified remedies, and did not notify Plaintiff that the Defendants intended to invoke a specified remedy.

*Actual Damages*

23. Plaintiff has suffered actual damages as a result of these illegal collection tactics by these Defendants in the form of invasion of privacy, postage expense, loss of productive time, nausea, and feelings of hopelessness, anger, persecution, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF § 1692c(b) OF THE FDCPA

24. A debt collector violates § 1692c(b) of the FDCPA when, without statutory justification or prior direct consent, it communicates with a third party in connection with collection of a debt.

25. Defendants violated § 1692c(b) when they, without statutory justification or prior direct consent, communicated repeatedly with Fernando Nunez in connection with collection of Plaintiff's debt.

### COUNT II
### VIOLATION OF § 1692c(c) OF THE FDCPA

26. A debt collector violates § 1692c(c) of the FDCPA when, after being notified by a consumer in writing that the consumer wishes it to cease further communication, and without statutory justification, it subsequently communicates with the consumer with respect to the debt.

27. Defendants violated § 1692c(c) when they, after being notified by Plaintiff in writing that she wished them to cease further communications, and without statutory justification, they subsequently communicated with Plaintiff with respect to the debt.

### COUNT III
### VIOLATION OF THE RFDCPA

28. A debt collector violates § 1788.17 of the California Civil Code by failing to comply with § 1692b through § 1692j of the FDCPA.

29. Defendants violated Cal. Civ. Code § 1788.17 when they willfully violated the FDCPA by way of the acts and omissions set forth previously in this Complaint.

30. Pursuant to Cal. Civ. Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## COUNT IV
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200

31. A defendant violates California Business and Professional Code § 17200 when it engages in any unlawful, unfair, or fraudulent business act or practice.

32. Defendants violated California Business and Professional Code § 17200 by their business acts and practices that violated the FDCPA and the RFDCPA.

33. Defendants also violated California Business and Professional Code § 17200 by unfairly and willfully harassing Plaintiff by calling her father repeatedly on his cell phone in order to induce her to call them, and by failing to cease such abusive behavior despite Plaintiff's invocation of the statutory protection from collections communications.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and Cal. Civ. Code § 1785.31 (RFDCPA) against Defendants and for Plaintiff, and

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a) (FDCPA) against each Defendant individually and for Plaintiff, and

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1785.31 (RFDCPA) against each Defendant individually and for Plaintiff, and

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (FDCPA) and Cal. Civ. Code § 1788.30 (RFDCPA) against Defendants and for Plaintiff, and,

e) Award of injunctive relief pursuant to California Business and Professional Code § 17200, to wit, that Defendants are enjoined from unlawfully contacting Plaintiff in connection with the collection of the debt that is the subject of this complaint, and,

f) Award of restitution as may be fair and equitable pursuant to California Business and Professional Code § 17200 against each Defendant and for Plaintiff, and,

g) Award to Plaintiff of such other and further relief as may be just and proper.

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

### TRIAL BY JURY IS DEMANDED.

THE CARDOZA LAW CORPORATION

DATED: August 22, 2016

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (415) 488-8041
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
VALERIA (NUNEZ) COPLEMAN

**COMPLAINT CASE NO.** _____      **Page 8 of 8**